FLORENCE M. DiBIASE *vs.* COMMISSIONER OF
INSURANCE & others.[1]

Suffolk. November 6, 1998. - February 1, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, & IRELAND, JJ.

*Insurance,* Savings bank life insurance. *Bank. Due Process of Law,* Taking of
property, Notice. *Limitations, Statute of.*

In an action brought in 1996 by a savings bank life insurance policyholder, as-
serting violation of her rights and denial of due process by the 1990 repeal
of former legislation governing savings bank life insurance and the enact-
ment of a new scheme codified at G. L. c. 178A, the constructive notice
provided by the enactment of the legislation was all the process that was
due [757-758]; in any event, the policyholder had received personal notice
in 1991 of the effect of the legislation [758-759]; and there was no basis
for the tolling of the statute of limitations [759]: a Superior Court judge
correctly concluded that the three-year statute of limitations set forth in
G. L. c. 260, § 2A, applied to bar the action.

CIVIL ACTION commenced in the Superior Court Department on
August 30, 1996.

The case was heard by *Nonnie S. Burnes,* J., on a motion for
partial summary judgment.

The Supreme Judicial Court granted an application for direct
appellate review.

*John Traficonte* for the plaintiff.

*Michael A. Walsh* (*William D. Troyka* with him) for The Sav-
ings Bank Life Insurance Company of Massachusetts.

*Pierce O. Cray,* Assistant Attorney General, for the Commis-
sioner of Insurance.

WILKINS, C.J. On December 31, 1991, the Massachusetts sav-
ings bank life insurance system, devised by Louis D. Brandeis,
adopted in 1907 (St. 1907, c. 561), and later codified at G. L.
c. 178 (repealed by St. 1990, c. 499, § 22) ceased to exist. In its

[1]The Commonwealth and The Savings Bank Life Insurance Company of
Massachusetts.

place, pursuant to G. L. c. 178A (inserted by St. 1990, c. 499, § 23), a new plan of savings bank life insurance was established, to be operated by a domestic stock life insurance company, the defendant The Savings Bank Life Insurance Company of Massachusetts (SBLIC). G. L. c. 178A, § 2.

On August 30, 1996, the plaintiff, to whom a participating savings bank had issued policies under the prior law, brought this action alleging that her rights (and those of persons similarly situated) had been violated by certain actions taken in the conversion from the prior system to the new one.[2] She alleged that her contract rights had been impaired in violation of the State and Federal Constitutions, that her property had been taken in violation of her constitutional rights to due process of law, and that the defendant Commissioner of Insurance (commissioner) and SBLIC had violated 42 U.S.C. § 1983 (1994 & Supp. II 1996). The State defendants and SBLIC moved to dismiss the plaintiff's amended complaint on the ground that her claims were barred by the applicable statute of limitations. The plaintiff moved for partial summary judgment on her claim that her rights had been taken without due process of law. She filed affidavits in support of her motion. The plaintiff argued that she had property interests that could not properly be taken from her in the absence of personal service, or some other constitutionally adequate notice, that she had had no such notice more than three years before commencing this action, and thus that the commencement of this action was timely. This argument is based on a claimed denial of procedural due process. The plaintiff makes no independent argument that the statute of limitations had not run when she commenced this action.

A judge in the Superior Court entered summary judgment in favor of all defendants on all counts, dismissing the amended complaint. She did so on the ground that the action was not commenced within three years of the time the various claims accrued, the period of limitations prescribed by G. L. c. 260, § 2A.[3] The plaintiff appealed. We granted the defendants' application for direct appellate review.

The motion judge did not reach the question whether the plaintiff had property interests that were adversely affected by the reorganization, or demutualization, of the savings bank life

[2]No class was certified in the Superior Court.

[3]The plaintiff does not argue here that a three-year statute of limitations does not apply to her claims.

insurance system. She assumed the existence of such rights. In 1987, the Justices of this court submitted answers to questions that the House of Representatives had propounded to them concerning the proposed repeal of G. L. c. 178 and the enactment of a proposed G. L. c. 178A, providing for the creation of a domestic stock insurance company that would take over existing savings bank life insurance policies. *Opinion of the Justices,* 401 Mass. 1211 (1987). The bill then pending before the Legislature is not the same as the bill that the Legislature enacted in 1990 inserting G. L. c. 178A. Nothing that was said in that opinion bears on the issues on which we decide this appeal.

We briefly set forth the changes made by the 1990 legislation that the plaintiff asserts involved an unconstitutional taking of her property. Each participating savings bank prior to 1992 was obliged to maintain a statutory surplus in its insurance department. G. L. c. 178, § 21. Section 5 of G. L. c. 178A directed that SBLIC assume each bank's surplus and that it "be distributed as additional annual dividends over a period of not less than eight nor more than twelve years in accordance with a schedule prepared by [SBLIC] and approved by the commissioner." The plaintiff asserts that she should have been compensated for the full value of her share of the statutory surplus (and any additional surplus) and that the distribution of her share over time (eight to twelve years) has deprived her of that full value to the improper benefit of SBLIC. The plaintiff also asserts that she had a property interest in the General Insurance Guaranty Fund (see G. L. c. 178, §§ 14, 17) that, pursuant to G. L. c. 178, § 18, was "held as a guaranty for all obligations on policies or annuity contracts of the insurance departments of all savings and insurance banks." Under the 1990 legislation, the General Insurance Guaranty Fund was abolished (G. L. c. 178A, § 8), effective December 31, 1991, and the assets of that fund were transferred to the Commonwealth (St. 1990, c. 499, § 25).

We agree with the motion judge that a three-year statute of limitations bars the plaintiff's claims and that due process of law did not require that she receive more notice than she had before her claims could accrue. The judge rightly concluded that any loss that the plaintiff sustained was the consequence of the 1990 act itself and that no notice of the impact of legislation on a person's rights is constitutionally required beyond the

constructive notice that enactment of the legislation itself provides. We agree that "the legislative determination provides all the process that is due." *Logan* v. *Zimmerman Brush Co.,* 455 U.S. 422, 433 (1982). See *Atkins* v. *Parker,* 472 U.S. 115, 129 (1985); *Liability Investigative Fund Effort, Inc.* v. *Massachusetts Med. Prof'l Ins. Ass'n,* 418 Mass. 436, 444, cert. denied, 513 U.S. 1058 (1994); *Opinion of the Justices,* 408 Mass. 1215, 1218-1221 (1990).

In *Texaco, Inc.* v. *Short,* 454 U.S. 516 (1982), the Supreme Court considered an Indiana statute that provided that certain mineral interests would automatically lapse from nonuse and would revert to the current surface owners of the property unless the mineral owners filed statements of claim within two years after the effective date of the act. The Court rejected constitutional challenges to the act, including a claim that, in violation of their due process rights, the statute sought to extinguish the plaintiffs' property rights without adequate notice. *Id.* at 532 ("It is well established that persons owning property within a State are charged with knowledge of relevant statutory provisions affecting the control or disposition of such property"). It rejected the claim that the mineral rights owners had a constitutional right to be advised individually that, because of their nonuse of their mineral rights for twenty years, their rights would expire unless they filed timely notices of claim. *Id.* at 538. The Supreme Court distinguished *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314-319 (1950), which held that notice by publication of a judicial proceeding to settle trust accounts was not sufficient to satisfy procedural due process. *Texaco, Inc.* v. *Short, supra* at 534-535. The crucial distinction concerning notice is between an adjudication, as in the *Mullane* case, and self-executing features in legislation, as in this case and in the *Texaco* case. The plaintiff's claim has no greater force than a claim that a self-executing statute of limitations is unconstitutional. *Texaco, Inc.* v. *Short, supra* at 536.

There is a further reason to reject the plaintiff's procedural due process argument. She did receive personal notice of the enactment of the 1990 legislation. In December, 1991, the plaintiff, as a savings bank life insurance policyholder, received a letter from the president of SBLIC. The letter referred to the 1990 legislation and to the "merger" of the savings bank life insurance system on December 31, 1991, into SBLIC, which would assume all savings bank life insurance policies. It referred

to the intended payout of surplus over twelve years as "extra" dividends, without, however, discussing the reduced value of the surplus to policyholders caused by delayed distributions. The notice explicitly told policyholders that the General Insurance Guaranty Fund would be discontinued, effective December 31, 1991, thereby giving notice that the funds in that account would be transferred somewhere. Surely, the plaintiff was on notice, personally and directly, that changes affecting her savings bank life insurance policies were taking place. Her rights to procedural due process of law have not been denied by measuring the period of the three-year statute of limitations from December 31, 1991.[4]

There is no merit to the argument that the commissioner took adjudicative steps in approving SBLIC's plan of assumption and that, consequently, the plaintiff was entitled to individual notice of the proceedings the commissioner conducted pursuant to statute. See G. L. c. 178A, § 6; *Reid* v. *Acting Comm'r of the Dep't of Community Affairs*, 362 Mass. 136, 142-145 (1972). Nor is there any basis for concluding that the conduct of any defendant tolled the statute of limitations. See G. L. c. 260, § 12. There was neither fraudulent concealment of facts nor the breach of any fiduciary duty of full disclosure. Our conclusion that the plaintiff's rights to procedural due process were not violated should not be read as an endorsement of the quality of the information that she received concerning the consequences of the 1990 legislation.

*Judgment affirmed.*

---

[4]The defendants maintain that the 1990 legislation did not adversely affect the plaintiff's rights. It is, therefore, not surprising that the legislation did not require that the policyholders be advised that their rights were being adversely affected or that there was a "taking" of property. If there was a taking, a point we do not decide, and that taking was not self-effectuating in the 1990 legislation, the December, 1991, letter put the plaintiff on notice of it so that she had three years to take action.